WILLIAM AND LORRAINE ABNEY, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Abney v. Commissioner
Docket No. 19587-89
United States Tax Court
T.C. Memo 1990-255; 1990 Tax Ct. Memo LEXIS 274; 59 T.C.M. (CCH) 672; T.C.M. (RIA) 90255; May 23, 1990, Filed Timothy S. Crawford, for the *275 petitioners. Timothy S. Murphy, for the respondent. PARKER, Judge. PARKER *926 MEMORANDUM FINDINGS OF FACT AND OPINION Respondent determined deficiencies in petitioners' Federal income tax as follows: Taxable Year
Deficiency
1982
$ 3,990.31
1983
4,457.95
1984
6,819.40
1985
5,844.52
1986
6,306.16
Respondent also determined additions to the tax under various sections of the Internal Revenue Code as follows: Section
Section
Section Section
Taxable Year
6651(a)(1)
6653(a)(1)
6653(a)(2)
6661
1982
$   997.58 $ 199.52  *
-
1983
1,114.49 331.60  *
-
1984
1,704.85 424.62  *
$ 1,704.85
1985
1,461.13 292.23  *
1,461.13
1986
1,656.04 336.86** ***
1,576.54
*276 Unless otherwise indicated, all section references are to the Internal Revenue Code, as amended and in effect for the years in issue, and all rule references are to the Tax Court Rules of Practice and Procedure. This matter is before the Court on respondent's motion to dismiss for lack of jurisdiction on the ground that the petition was not filed within the time prescribed by section 6213(a) and section 7502. FINDINGS OF FACT An evidentiary hearing was held in Detroit, Michigan, on May 9, 1990. Based on the Court record and that evidentiary hearing, the facts are found as follows: On April 13, 1989, respondent mailed a notice of deficiency to petitioners by certified mail. The notice of deficiency was mailed to petitioners' correct last known address, 1661 Franklin S.E., Grand Rapids, Michigan 49506. The 90th day after April 13, 1989, was Wednesday, July 12, 1989, which date was not a legal holiday in the District of Columbia. On Monday, July 24, 1989, the Court received by the U.S. mail and filed the petitions in this case. [1]
*277 On December 7, 1989, respondent filed his motion to dismiss for lack of jurisdiction. Petitioners have been afforded an opportunity to file their objection to the motion and have been afforded an evidentiary hearing in regard to the facts and circumstances surrounding the mailing *927 of the petitions to the Court, which are set out below. The original petitions were signed by each of the petitioners and by petitioners' counsel on Monday, July 3, 1989. The envelope in which the petitions were mailed to the Tax Court bears a postmark made by a private postage meter (No. 1508342) and dated July 12, 1989. That private postage meter postmark is dated nine days after petitioners and their counsel signed the petitions. There is no evidence in the record as to who mailed that envelope. There is no evidence in the record as to when or where that envelope was actually deposited into the U.S. mail. That envelope, now in the Court's files, bears a hand-printed notation (in block letters printed in ink) reading "LOST IN MAIL." That is not the type of endorsement or notation that a United States Postal Service employee would normally place on a piece of lost or misplaced mail. The *278 record in this case does not show who made that notation, when it was made, or the facts and circumstances under which it was made. In July 1989 a first class letter, properly addressed and with proper postage, mailed in Detroit, Michigan would normally reach Washington, D.C. within three days. Here the envelope in question was properly addressed to the Tax Court and bore an adequate amount of postage. If the envelope in question was mailed in Detroit, Michigan, on July 12, 1989, the date of the private postage meter postmark, it did not reach Washington, D.C. within the ordinary period for such first class mail. There is no evidence in the record as to any delay in the transmission of the mail between Detroit and Washington during the relevant period. OPINION Section 6213(a) requires that a petition be filed with the Court within 90 days (150 days in certain situations not involved in this case) after the notice of deficiency is mailed to the taxpayers. That 90-day (150-day) period is jurisdictional in this Court. and cases cited at p. 1064. In certain carefully circumscribed situations, however, section 7502 provides *279 that timely mailing can be treated as the date of delivery to the Court and hence as timely filing. Petitioners seek to bring themselves within section 7502. Section 7502 provides two separate safe harbors, with different statutory and/or regulatory requirements for each: one where the envelope or cover containing the petition bears a postmark made by the United States Postal Service and another where the envelope or cover bears a postmark made by a private postage meter. In either event if the postmark is dated beyond the last date for filing, that postmark, either the private postage meter postmark or the United States Postal Service postmark, is conclusive as to late filing and no evidence can be considered to show that the actual date of mailing was some earlier date. , affg. an unpublished order of this Court; , affg. ; ; However, here the postmark was dated July 12, 1989, the 90th day. *280 If that postmark had been made by the United States Postal Service, that would be determinative and would end our inquiry. Section 7502(a)(1) expressly provides: (a) General Rule. --
(1) Date of Delivery. -- If any return, claim, statement, or other document required to be filed, or any payment required to be made, within a prescribed period or on or before a prescribed date under authority of any provision of the internal revenue laws is, after such period or such date, delivered by United States mail to the agency, officer, or office with which such return, claim, statement, or other document is required to be filed, or to which such payment is required to be made, the date of the United States postmark stamped on the cover in which such return, claim, statement, or other document, or payment, is mailed shall be deemed to be the date of delivery or the date of payment, as the case may be. [Emphasis added.] However, here the postmark was made by a private postage meter and the case is governed by section 7502(b) which provides: (b) Postmarks. -- This section shall apply in the case of postmarks not made by the United States Postal Service only if and to the extent *281 provided by regulations prescribed by the Secretary. Detailed regulations implementing section 7502(b) have long been in effect. Section 301.7502-1(c)(1)(iii)(b), Proced. & Admin. Regs., provides detailed requirements. [2] *928 The validity of these regulations has been upheld. , affg. ; , affg. . These regulations set out two alternative methods by which a taxpayer may be able to obtain the benefits of section 7502. The first method applies when the petition is delivered by the U.S. mail within the normal or ordinary period for delivery. The second method applies when the petition is delivered after the normal or ordinary period for delivery. *282 Here the private postage meter postmark is dated on or before the last date (dated the last day, i.e., July 12, 1989) for filing the petitions. However, the envelope was not received by the Court "not later than the time when a document contained in an envelope or other appropriate wrapper which is properly addressed and mailed and sent by the same class of mail would ordinarily be received if it were postmarked at the same point of origin" by the Postal Service on the last date for filing. Petitioners cannot bring themselves within the first method since the envelope was not delivered within the ordinary period of three days. Here delivery was made 12 days after the date of the private postage meter postmark, well beyond the ordinary period for delivery. The second method has three specific requirements. Petitioners must prove (i) that it [the petition or petitions] was actually deposited in the mail before the last collection of the mail from the place of deposit which was postmarked (except for the metered mail) by the United States Post Office on or before the last date, or the last day of the period, prescribed for filing the document, (ii) that the delay in receiving *283 the document was due to a delay in the transmission of the mail, and (iii) the cause of such delay. [Section 301.7502- 1(c)(1)(iii)(b), Proced. & Admin. Regs.] Here petitioners have not proved the initial requirement of timely deposit in the U.S. mail. There is no evidence that the envelope containing the original petitions was placed in the mail on July 12, 1989, the last day for timely mailing. Petitioners also have not proved requirements (ii) and (iii). There is no evidence that the delay in receiving the envelope was due to a delay in the transmission of the mail or as to the cause of any such delay. Admittedly requirements (ii) and (iii) are difficult matters to prove, but the requirements have been upheld. See ; . [3] In one case requirement (iii) of this second method has been somewhat relaxed so as not to demand proof of a specific cause of delay of the particular envelope. See , revg. and remanding an unpublished order of this Court. [4] There the Fifth *284 Circuit held that The cause-of-delay element may be satisfied if the taxpayer offers adequate proof of reasons for delays in the processing and handling of the mail generally between the receiving station and the addressee during the critical days involved. The proof offered need not specifically pinpoint the item of mail in question. [.] Here, however, petitioners have offered no evidence at all as to any delay in transmission of mail between Detroit and Washington during the pertinent *285 period, let alone any evidence, general or specific, as to the cause of any such delay. Accordingly, even the more liberal reading of the cause-of-delay requirement of section 301.7501-1(c)(1)(iii)(b), Proced. & Admin. Regs., by the Fifth Circuit cannot assist petitioners. More importantly, in the Rotenberry case the taxpayer had at least successfully surmounted the initial hurdle of showing timely deposit of the envelope into the U.S. mail. The taxpayer must prove at a bare minimum that he deposited the envelope into the U.S. mail on or *929 before the last day for filing, and no court has ever suggested otherwise. Here petitioners failed to prove that key element of the second method. Accordingly, petitioners cannot avail themselves of the safe harbor of section 7502, and their petitions were not timely filed with this Court under section 6213(a) or section 7502. Respondent's motion to dismiss for lack of jurisdiction must be granted. An appropriate order of dismissal will be entered. Footnotes
*. 50 percent of interest due on the entire deficiency each year. ** Applicable section for 1986 is sec. 6653(a)(1)(A). *** 50 percent of interest due on entire deficiency for 1986; applicable section is sec. 6653(a)(1)(B).↩
1. A separate petition was prepared and filed for each of the five taxable years involved in the notice of deficiency. Since there was but one notice of deficiency and but one filing fee paid, the Court treated the five petitions as a single petition in a single case. The petitions as received by the Court on July 24, 1989, were in improper form, and the Court directed petitioners to file an amended petition on or before October 10, 1989. Five "AMMENDED [sic] PETITIONS," one for each taxable year, were signed by petitioners' counsel on August 30, 1989, were placed into the hands of Federal Express on October 6, 1989, and were timely received by the Tax Court on October 10, 1989. However, the pertinent date for purposes of the pending motion is July 24, 1989, when the imperfect petitions were received at the Court.↩
2. (b) If the postmark on the envelope or wrapper is made other than by the United States Post Office, (1) the postmark so made must bear a date on or before the last date, or the last day of the period, prescribed for filing the document, and (2) the document must be received by the agency, officer, or office with which it is required to be filed not later than the time when a document contained in an envelope or other appropriate wrapper which is properly addressed and mailed and sent by the same class of mail would ordinarily be received if it were postmarked at the same point of origin by the United States Post Office on the last date, or the last day of the period, prescribed for filing the document. However, in case the document is received after the time when a document so mailed and so postmarked by the United States Post Office would ordinarily be received, such document will be treated as having been received at the time when a document so mailed and so postmarked would ordinarily be received, if the person who is required to file the document establishes (i) that it was actually deposited in the mail before the last collection of the mail from the place of deposit which was postmarked (except for the metered mail) by the United States Post Office on or before the last date, or the last day of the period, prescribed for filing the document, (ii) that the delay in receiving the document was due to a delay in the transmission of the mail, and (iii) the cause of such delay. If the envelope has a postmark made by the United States Post Office in addition to the postmark not so made, the postmark which was not made by the United States Post Office shall be disregarded, and whether the envelope was mailed in accordance with this subdivision shall be determined solely by applying the rule of (a↩) of this subdivision.
3. See also . ↩
4. The instant case is appealable to the United States Court of Appeals for the Sixth Circuit rather than to the Fifth Circuit. Moreover, the facts of the present case would not bring petitioners within the holding of the Rotenberry↩ case in any event. Accordingly, we need not address at this time whether or not we agree or disagree with the Fifth Circuit's interpretation of this portion of the regulation.